IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD JOHNSON, #1326285 | § | |
| VS. | § | CIVIL ACTION NO. 4:06cv500 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Charles Edward Johnson filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties consented to proceed before the United States Magistrate Judge Don D. Bush in this case in accordance with the provisions of 28 U.S.C. § 636( c).

Background

On October 14, 2004, narcotics investigators Paul Martinez and C. Pero arrested Petitioner at the Super 8 Hotel in Plano, Texas, located in Collin County. Petitioner, who was staying at a room in the hotel, was arrested in the hotel lobby on outstanding warrants. He consented to a search of his room where 3.8 grams of crack cocaine and 6.33 ounces of marijuana were found. Also found were digital scales used for the measurement of drugs, razor blades, and $8,655 folded in $100 quantities. The Plano Police also searched Petitioner's storage facility in Plano pursuant to a search warrant and with Petitioner's consent, resulting in the discovery of an additional 53.8 grams of crack cocaine and 6.45 ounces of marijuana. In a videotape interview with Martinez, Petitioner admitted that he sells crack cocaine and marijuana in the area of the Super 8 Hotel in Plano.

After pleading guilty pursuant to a written plea agreement in Collin County, Petitioner was

convicted for Possession with Intent to Deliver a Controlled Substance, Cause No. W296-81303-05. On August 10, 2005, pursuant to his written plea agreement, he was sentenced to five years of imprisonment – the minimum sentence for a first degree felony out of a possible ninety-nine years or life. As part of his plea agreement, Petitioner waived his right to file a direct appeal. However, he filed a state application for writ of habeas corpus challenging his conviction on August 26, 2005. Based on the trial court's findings, the Texas Court of Criminal Appeals denied his application on November 23, 2005. Petitioner then filed a second state application for writ of habeas corpus on January 9, 2006, using the same cause number, but raising additional claims for relief. The Texas Court of Criminal Appeals found that the additional claims were procedurally barred as impermissibly successive under state law.

Petitioner filed the present § 2254 petition on December 14, 2006. He stated that he placed the motion in the prison mailing system on December 5, 2006; thus, his motion is deemed filed December 5, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

In his § 2254 petition, Petitioner argued that he is entitled to relief based on the following grounds:

1. Trial counsel rendered ineffective assistance of counsel by advising Petitioner to take the plea agreement although trial counsel had knowledge of purportedly missing evidence and an allegedly faulty search warrant.

2. The State suppressed evidence.

3. The State conspired to gain Petitioner's conviction.

4. The State gained evidence through an illegal search and seizure.

The State provided a response, in which it urged that Petitioner's claims are meritless.

Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S.

at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

<u>Ineffective Assistance of Counsel</u>

Petitioner alleges that his attorney was ineffective for advising him to take a plea agreement although trial counsel had knowledge of purportedly missing evidence and an allegedly faulty search

warrant for his home address.

As a preliminary matter, there is no evidence to suggest that evidence obtained from the search of his home was used for a conviction in this case. Further, he fails to outline the "missing evidence." Moreover, when a habeas petitioner pleads guilty, his sixth amendment challenge is limited to the issues of voluntariness and his understanding of the charges brought against him and the consequences of his plea. *See Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014, 108 S. Ct. 717, 98 L. Ed.2d 667 (1988). Petitioner failed to establish that his plea was entered either involuntarily or unintelligently as a result of his attorney's advice. Under these circumstances, he has waived review of this claim. *See id.* Petitioner's first ground for relief based on ineffective assistance of counsel should be denied.

## Prosecutorial Misconduct

Petitioner next argues that the State deliberately and intentionally withheld evidence. He fails to specify the evidence that was withheld, but it appears from other records that his main complaint centers around Martinez's failure to mention in his official arrest summary, that the City of Allen obtained a search warrant to search his home on the same day that Petitioner was arrested at the Plano hotel.

The failure to disclose evidence is governed by *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady* concerned a defendant's right to a fair trial. *Oman v. Cain*, 228 F.3d 616, 620 (5th Cir. 2000). The Supreme Court has not granted relief based on *Brady* principles in cases where a defendant pleaded guilty. *Id*. The prosecution's failure to disclose exculpatory materials before a defendant pleads guilty does not provide a basis for habeas corpus relief. *Id*. at 620-21; *Matthew v. Johnson*, 210 F.3d 353, 364 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 291 (2000). To prevail on a claim that

favorable evidence was withheld, a petitioner must establish (1) that the prosecution withheld or suppressed evidence (2) that was favorable and (3) material either to guilt or punishment. *Cordova v. Collins*, 953 F.2d 167, 171 (5th Cir. 1992), *cert. denied*, 502 U.S. 1067, 112 S. Ct. 959, 117 L. Ed.2d 125 (1992). Favorable evidence is any evidence that if disclosed and used effectively, may be the difference between conviction and acquittal. *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L. Ed.2d 481 (1985). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Id*. at 682. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*.

First, Petitioner's claim that the police searched his house and the search yielded drug evidence is not favorable evidence – quite the contrary. Second, the evidence obtained from his home did not form the basis for his arrest or conviction in the instant case. Consequently, the fact that Martinez failed to mention the results from the search that the City of Allen conducted at Petitioner's home does not constitute prosecutorial misconduct by failing to disclose exculpatory evidence. The evidence complained of is neither favorable nor material to the case at hand, and moreover, Petitioner pleaded guilty. This second claim should be denied.

Petitioner also claims that the State conspired to obtain his conviction by transferring evidence obtained from the City of Allen authorities to the Plano Police Department. However, he provides no support for his contention. A habeas petitioner must allege facts that, if true, would entitle him to relief. *Theriot v. Whitley*, 18 F.3d 311, 315 (5th Cir. 1994). Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Petitioner's third claim should likewise be denied.

<u>"Multiple Constitutional Violations of the State"</u>

In his fourth ground for relief, Petitioner asserts that he did not consent to the search of his hotel room, the "Allen traffic tickets should have never been," and his home was broken into with no one there.

Fourth Amendment claims are waived when a petitioner voluntarily pleads guilty. *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985). Petitioner pleaded guilty; thus, he waived his right to challenge illegal searches and seizures and other non-jurisdictional defects. *See id.* Further, the Supreme Court has held that federal courts have no authority to review a state court's application of Fourth Amendment principles in habeas corpus proceedings unless the petitioner was denied a full and fair opportunity to litigate his claims in state court. *Stone v. Powell*, 428 US. 465, 494 (1976). Petitioner was not foreclosed from litigating his claim in state court; accordingly, this Court may not review it. *Id*. His final claim should be denied.

<u>Conclusion</u>

Petitioner has failed to show that the adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not met his burden of rebutting the presumption of correctness accorded to the trial court's factual findings. *Valdez*, 274 F.3d at 947 (trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary). Consequently, the petition for a writ of habeas corpus should be

dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, this Court will address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

8

correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, Petitioner is not entitled to a certificate of appealability as to his claims. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 27th day of September, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE